IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CYNTHIA CERNOCH, | § | NO. 1:24-CV-1414-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| *Defendant*. | § | |

ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") filed by Magistrate Judge Dustin M. Howell on October 9, 2025. (Dkt. # 17.) Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file written objections within fourteen days after being served with a copy of the findings and recommendation. Fed. R. Civ. P. 72(b)(2). The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

1

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989). In the instant case, because no party has objected to the Magistrate Judge's Report and Recommendation, the Court reviews the Magistrate Judge's Report and Recommendation for clear error.[1]

On November 17, 2024, Plaintiff Cynthia Cernoch ("Plaintiff") commenced the instant action, seeking review of the determination of the Commissioner of the Social Security Administration that Plaintiff is not disabled. (Dkts. ## 1, 11.) In his Report and Recommendation, the Magistrate Judge determined that the ALJ's Residual Function Capacity ("RFC") finding was consistent with her finding of a severe mental impairment, that the ALJ's findings with respect to Plaintiff's RFC were supported by substantial evidence, and that the ALJ was not required to consider Cernoch's inability to pay for medical treatment. (Dkt. # 17 at 6–11.) As such, the Magistrate Judge found that remand was not proper. (Id.)

---

[1] On November 14, 2025, Plaintiff filed a Notice of Supplemental Authority alerting the Court to a recently published case in the District of Colorado. (Dkt. # 18.) Plaintiff did not style this Notice as an objection, nor did she ask the Court for leave to file untimely objections to Judge Howell's Report. (Id.); Fed. R. Civ. P. 72(b)(2). Accordingly, the Court will review the Report for clear error but will address the case Plaintiff cites in its analysis.

The Court has carefully reviewed the Report and Recommendation and finds it to be neither clearly erroneous nor contrary to law. The Magistrate Judge clearly and thoughtfully analyzed whether substantial evidence supported the ALJ's decision. In this case, the Magistrate Judge determined that the ALJ did not err by finding that Plaintiff was capable of performing semi-skilled work despite the finding that she suffered several severe mental impairments. (Dkt. # 18 at 6–9.) In coming to this conclusion, Judge Howell found that the ALJ sufficiently explained her findings as to why Plaintiff's mental impairments were not included in the RFC and that the ALJ's findings as to Plaintiff's RFC were supported by substantial evidence. (Id.) Judge Howell also noted that Cernoch offered no authority that requires an ALJ, "upon finding a severe mental impairment, . . . to adopt an RFC limitation specifically tailored to a basic work activity." (Id. at 7.) Additionally, the Magistrate Judge found that the ALJ did not commit reversible error by failing to consider Plaintiff's inability to pay for medical treatment because Plaintiff offered no evidence that she lacked access to free or low-cost medical services. (Id. at 9–11.)

This Court agrees with the Magistrate Judge's conclusions that substantial evidence supports the Commissioner's conclusion that Plaintiff is not disabled. The case Plaintiff cites, K.L.J. v. Comm'r, Soc. Sec. Admin., No. 24-CV-03065-NRN, 2025 WL 3170490 (D. Colo. Nov. 7, 2025), does not alter the

Court's conclusion. In K.L.J., the court found that the ALJ committed reversible error by "not consider[ing] the effect of Plaintiff's moderate mental limitations on the RFC." 2025 WL 3170490, at 3. The K.L.J. court noted that "[a]n ALJ cannot find moderate limitations at one step and ignore them at the next." Id., at *4 (internal quotations and citation omitted). However, in that case, the ALJ did not adequately explain how the plaintiff's specific limitations allowed her to perform "simple but detailed work." Id. Here, though, as Judge Howell concluded, the ALJ *did* sufficiently explain why her findings regarding Plaintiff's mental impairment were not included in the RFC. (Dkt. # 17 at 7–8.) And Judge Howell found that substantial evidence supported the ALJ's conclusions. (Id. at 8–9.) The Court agrees with Judge Howell's conclusions. K.L.J., then, is distinguishable and does not provide a basis for overturning the Magistrate Judge's findings.

Accordingly, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 17). The decision of the Commissioner denying Plaintiff's application for disability is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, December 18, 2025.

_____
David Alan Ezra
Senior United States District Judge